Billy PICKENS, Plaintiff,

v.

Ray MILLER, Ray Faulk, Defendants.

No. C–02–01936 JW.

United States District Court,
N.D. California,
San Jose Division.

July 10, 2002.

Ed Frey, Soquel, CA, for plaintiff.

Bill Lockyer, CA State Attorney General's Office, San Francisco, CA, Paul T. Hammerness, San Francisco, CA, for defendants.

## ORDER GRANTING DEFENDANT FAULK'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE TO STATE COURT

WARE, District Judge.

### I. INTRODUCTION

Billy Pickens ("Plaintiff") filed this action against Defendants Ray Miller ("Miller") and Officer Raymond Faulk ("Officer Faulk"). Two causes of action are asserted against Officer Faulk. Plaintiff alleges constitutional violations for unlawful seizure pursuant to 42 U.S.C. § 1983 and a state law claim for interference with contractual relations. Presently before the Court is Defendant Officer Faulk's Motion for Summary Judgment. Based upon all papers filed to date, and oral argument of counsel at the hearing held on July 1, 2002, Defendant Officer Faulk's Motion for Summary Judgment is GRANTED.

### II. BACKGROUND

The following facts are uncontested. On June 6, 2001 Defendant Miller made a stolen vehicle report to California Highway Patrol (CHP) Officer Courtney, who in turn called Officer Faulk. Miller reported that Plaintiff had agreed to buy a 1989 Harley Davidson motorcycle from Miller for approximately $10,000 and Plaintiff had taken possession of the motorcycle several months earlier. Miller reported that Plaintiff failed to make payments on the motorcycle or return the motorcycle, despite repeated attempts by Miller to retrieve it. After confirming the facts in the report with Miller, Officer Faulk contacted Plaintiff at his residence on June 12, 2001. Plaintiff was unable to substantiate his claim that he had made payments on the motorcycle and refused to disclose to Officer Faulk the location of the motorcycle. Nor did Plaintiff obtain the necessary certificate of title to the vehicle from the DMV. Plaintiff promised Officer Faulk that he would call him the following day with the location of the motorcycle but Plaintiff failed to do so.

Approximately two weeks later, Officer Faulk again contacted Miller and was told that Plaintiff had sent him a check for $500 which Miller had not cashed. Officer Faulk then went to Plaintiff's residence again on July 2, 2001 to re-interview him. Plaintiff still refused to reveal the location of the motorcycle or any proof that he had made payments on the motorcycle. Plaintiff did however inadvertently flash a business card for a local automotive shop that one of the officers recognized. Officer Faulk went to this shop and spoke to the manager who said that the motorcycle was currently being stored in the shop next door. Officer Faulk went to the automotive shop next door and proceeded to have the motorcycle impounded. Officer Faulk did not notify Plaintiff about the impound-

ment. Later, the motorcycle was released to Defendant Miller by the towing company, upon his presentation of ownership papers.

Plaintiff claims that Officer Faulk's impoundment of the motorcycle was a violation of his constitutional right against unlawful seizures. Plaintiff also claims that Officer Faulk was likely operating out of personal animus against Plaintiff when he impounded the car. Plaintiff claims that Officer Faulk has acted with hostility towards him and his family for several years. Defendant Officer Faulk claims that his impoundment of the motorcycle was not a constitutional violation and was lawful pursuant to Cal.Veh.Code § 22653(a).

### III. STANDARDS

#### A. Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. If he meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of his case with respect to which

he bears the burden of proof at trial. *Id.* at 322–23, 106 S.Ct. 2548.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law ... Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The court must "draw all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991) (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348; *T.W. Elec. Serv. v. Pac. Elec. Contractors*, 809 F.2d 626, 630 (9th Cir.1987). It is the court's responsibility "to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Id.* at 631. "[S]ummary judgment will not lie if the dispute about a material fact is genuine, that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106

S.Ct. 2505. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348 (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

## IV. DISCUSSION

### A. Qualified Immunity Doctrine

■ In applying the defense of qualified immunity, the "first inquiry must be whether a constitutional right would have been violated on the facts alleged." *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2155, 150 L.Ed.2d 272 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* at 2156. However, assuming a violation is established, "the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [state actor] that his conduct was unlawful in the situation he confronted." *Id.* In *Saucier,* "the [Supreme Court] emphasized the broad discretion that must be afforded to police officers who face tense situations, and the importance of granting immunity even when officers make mistakes." *Jeffers v. Gomez,* 267 F.3d 895, 909 (9th Cir.2001). This standard " 'gives ample room for mistaken judgments' " by protecting 'all but the plainly incompetent or those who knowingly violate the law.' " *Id.* at 910 (quoting *Hunter v. Bryant,* 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)) (per curiam) (quoting *Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

### B. § 1983 Claim for Violation of Fourth and Fourteenth Amendment Rights

#### 1. Constitutional Violation

■ Plaintiff argues that Officer Faulk violated his constitutional right against unreasonable seizures by impounding the motorcycle without a warrant. Although Plaintiff's complaint does not state a specific constitutional violation, it appears from Plaintiffs opposition papers that he is making a valid claim that his Fourth Amendment rights were violated. *See United States v. Smith,* 790 F.2d 789, 792 (9th Cir.1986) (holding that impoundment of a vehicle can be a seizure under the Fourth Amendment). Officer Faulk argues, on the other hand, that his impoundment of the motorcycle was lawful and therefore was not a violation of Plaintiff's constitutional rights. Specifically, Officer Faulk cites Cal.Veh.Code § 22653(a) as his authority for having the motorcycle impounded. Section 22653(a) states that "Any peace officer . . . may remove a vehicle from private property located within the territorial limits in which the officer is empowered to act, when a report has previously been made that the vehicle has been stolen or a complaint has been filed and a warrant thereon issued charging that the vehicle has been embezzled."

■ Reading the facts in the light most favorable to Plaintiff, the Court finds that there is a material issue of fact as to whether Officer Faulk possessed the authority to impound the motorcycle based on the stolen vehicle report. A stolen vehicle report was made, which may give Officer Faulk the authority to impound the motorcycle without a warrant. However, Officer Faulk's declaration shows that he was aware that the allegedly stolen vehicle was part of a contract dispute between

private parties. *See Allen v. City of Portland*, 73 F.3d 232, 238 (9th Cir.1995) (holding that there was no probable cause to arrest the plaintiff because the facts of the case amounted to a contract dispute). The fact that Officer Faulk knew that the motorcycle was the subject of a private contract dispute between two private parties is sufficient, for the purposes of this Motion, to negate Officer Faulk's claim that he had statutory authority based on the fact that the motorcycle was reported stolen. Therefore, the Court finds that a material issue of fact exists regarding whether Plaintiff's constitutional rights were violated. However, even if a constitutional violation were to have occurred, the doctrine of qualified immunity requires a further inquiry into whether it would be clear to a reasonable officer that his act was unlawful.

### 2. Qualified Immunity—Reasonableness

Even assuming that a violation of Plaintiff's constitutional rights has occurred, the test set out in *Saucier* requires a further inquiry as to whether the right [being violated] was clearly established. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 121 S.Ct. at 2156. This Court finds that Officer Faulk could reasonably, but perhaps mistakenly, have believed that his conduct in impounding the motorcycle was lawful under the circumstances of this case.

▇▇▇ Officer Faulk knew that a report had been made that the vehicle was stolen. "Information coming from private citizens who are witnesses to or victims of a criminal act is presumed reliable." *People v. Kershaw*, 147 Cal.App.3d 750, 755, 195 Cal. Rptr. 311 (1983). A reliable stolen vehicle report gives Officer Faulk the authority to impound a vehicle under the Cal.Veh.Code. *See* Cal.Veh.Code § 22653(a). Arguably, Officer Faulk should not have relied upon the stolen vehicle report in this case after Defendant told him that the motorcycle was the subject of a private contract dispute. However, the fact that the motorcycle was the subject of a private contract dispute is not inconsistent with the officer's reasonable belief that the motorcycle was stolen. Under California law, a person commits grand theft of an automobile when (1) that person takes or drives away an automobile belonging to another person; and (2) at the time the person took or drove away the automobile, he had the specific intent to deprive the owner permanently of his property. *See* Cal. Jury Instr.—Crim. (6th ed.) 14.35. Under the circumstances of this case, a reasonable officer could have concluded that Plaintiff had the specific intent to permanently deprive the owner of his property at the time he took possession of the vehicle. Plaintiff gave Officer Faulk no proof that Plaintiff either made payments toward or had ownership title to the motorcycle. Further, Plaintiff refused to give Officer Faulk any information about the location of the motorcycle. In light of all of these undisputed facts, a reasonable officer could have concluded that impoundment of the motorcycle was lawful based on the Cal.Veh. Code. "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate". *Saucier*, 121 S.Ct. at 2156–57 (citing *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law")).

▇▇▇ The only issue that is contested is whether Officer Faulk was acting out of personal animus towards Plaintiff. However, this dispute is over Officer Faulk's

subjective intentions, which is irrelevant in determining whether qualified immunity applies. *See Act Up!/Portland v. Bagley,* 988 F.2d 868, 873 (1993) (holding that the qualified immunity determination does not entail an inquiry into the officer's subjective intentions; merely his knowledge). The only question the Court must decide is whether Officer Faulk acted reasonably in light of the circumstances. As discussed previously above, the uncontested facts of this case could lead a reasonable officer to believe that impounding the motorcycle was lawful. The Court therefore finds that Officer Faulk is qualifiedly immune from Plaintiff's § 1983 claim.

Defendant's Motion for Summary Judgment is GRANTED with respect to Plaintiff's federal claim.

## V. CONCLUSION

For all the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED with respect to the § 1983 claim. Because this Court is granting Summary Judgment on the § 1983 claim, the Court declines to address Plaintiff's remaining state law claim against Officer Faulk. "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Accordingly, this case is REMANDED to State Court.